**Francisco J. GIL, Plaintiff–Appellant,**

v.

**J. WOODEND, Lieutenant,
Defendant–Appellee.**

No. 13–17190.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 21, 2015.*

Filed Feb. 3, 2015.

Francisco J. Gil, pro se.

Ellen Hung, Deputy Attorney General, AGCA–Office of the California Attorney General, Sacramento, CA, for Defendant–Appellee.

Before: CANBY, GOULD, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Former California state prisoner Francisco J. Gil appeals pro se from the district court's summary judgment in his 42 U.S.C.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

§ 1983 action alleging a violation of his right to due process in connection with the forfeiture of good time credits following a rules violation hearing. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Keenan v. Hall*, 83 F.3d 1083, 1088 (9th Cir.1996). We may affirm on any basis supported by the record, *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1047 (9th Cir.2009), and we affirm.

The district court properly granted summary judgment because Gil failed to raise a genuine dispute of material fact as to whether he was improperly denied procedural protections during his rules violation hearing, and whether defendant incorrectly imposed a good time credit loss of 121 days. *See Wolff v. McDonnell*, 418 U.S. 539, 563–70, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) (setting forth due process requirements for prison disciplinary proceedings); *see also* Cal.Code Regs. tit. 15, § 3323(d) (2007) (providing a credit forfeiture range of 121–150 days for certain offenses); *Superintendent v. Hill*, 472 U.S. 445, 455, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985) (requirements of due process are satisfied if "some evidence" supports disciplinary decision to revoke good time credits).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir.2009) (per curiam).

We reject Gil's contentions concerning certain policy changes arising from *In re Dikes*, 121 Cal.App.4th 825, 18 Cal.Rptr.3d 9 (2004), revisions to the California Code of Regulations that were not in effect at the time of Gil's rules violation hearing, al-

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

leged fraud by defendants, and alleged bias of the magistrate judge.

Appellant's motion to file a late and oversized reply brief, filed on December 16, 2014, is granted. The Clerk shall file the reply brief received on December 16, 2014.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.